Hey police department, Lauren Tory on behalf of the appellant Edward Wright. I'd like to reserve four minutes for rebuttal and I'll watch my time. In this case the district court legally erred during its analysis of the second Frank's prong by failing to apply the law regarding a non-credible tipster. Under Frank's there are two prongs. The first here is not at issue because the district court correctly applied that step given that the detective intentionally misled the issuing judge by omitting multiple facts and this should not go unchecked. Because the government does not challenge the first prong, the only issue before this court is the second, which is whether after adding the omissions into the search warrant affidavit is it supported by probable cause. Here it is not. The material omissions voided the search warrant. The law states that an omission is material when the omitted facts cast doubt on the existence of probable cause. The evidence in the affidavit must be legally sufficient and reliable. Here the omissions cast out because they undermine the tipster's reliability and the remaining facts in the search warrant are not enough to establish probable cause. The omissions make it more probable that the tipster here was lying and therefore probable cause should be analyzed without statements. You have to look to whether or not when you say more probable, often in criminal cases, government witnesses with worse records who have committed crimes who have prior convictions testify as witnesses. And juries convict, in my view, after a long period of time on the bench, it's because there's corroborating evidence. So in this particular case, even if the judge had known there was corroborating evidence in terms of your client's background and history, aside from the fact that it's hardly clear that one would apply falses that do no falses and omnibus here since it's not disputed that the government informant actually gave him a place to live. And so how do you deal with the fact that that there is the fact that your client has a prior record dealing with dealing with child pornography that he had that he had failed to update his registration as a sex offender, was a suspect for the sexual assault of a child and failed to show up for a polygraph if consented to. And all that was in the affidavit. And why doesn't that tend to corroborate, wouldn't that No, Your Honor, these three facts in the search warrant affidavit were to attenuated to corroborate current possession at the time the search warrant was issued. And I'll address each of them individually. The prior that your honor has mentioned is marginally relevant, if at all, based on this court's precedent. Well, this court's precedent said it by itself. It's not enough. But we're dealing here with a kind of what I would describe to somebody who is like a drug addict, we're dealing someone who has got a form of mental illness, which attracts him to child pornography. So this makes this kind of evidence much more relevant. And in fact, I think the Supreme Court has held that a defendant who was known by the police to be a user of drugs, made a charge against him much less subject to skepticism than would be such a charge against one without such a history. So it's, you know, we may maybe by itself, it wouldn't have been enough. But, I mean, we're dealing with somebody who has, who, who, who, who is suffering from a kind of addiction. And there's a strong reason to, it lends an additional force to the probative value of that, taken together with the fact that it does tend to corroborate what the informant said. Your Honor, under the probable cause analysis, there needs to be evidence corroborating the specific offense of current possession. What we have is this is not enough, because it's marginally relevant. When we look at the other two pieces of information, the failure to register, and the sex assault investigation, this court has said in United States versus Needham, that the bare inference that those who molest children are likely to possess child pornography is an inference alone, that does not establish probable cause to suspect a child molester home has child pornography. So the investigation also is not enough. And as to the failure to register, that's a status offense for which Mr. Wright had already been arrested for prior to the application for search. No, but these are your, you're taking these in isolation and saying, A is not enough. B is not enough. C is not enough. The question is, is A, B and C enough to provide corroboration for what the magistrate would have been told the informant said, but, but told about his, his factors that undermined his otherwise might have undermined his credibility. And no, Your Honor, these are not enough collectively to establish probable cause, because the only link between Mr. Wright and current possession is the tipster story. And the tipster has been undermined based on these omissions. When we look at an individual who the tipster here has a crime involving dishonesty, there is an adverse effect on his credibility without countervailing evidence to bolster his credibility or the reliability of the tip. The informant's criminal past involving dishonesty is fatal to the reliability of the tipsters information. But that's my point. And I won't press it any further. In my view, there is corroborating evidence. Here, Your Honor, it's specific to the offense of possession. Those three facts in the affidavit do not go to current possession. That's the problem with the probable cause analysis. And it's not enough to corroborate the story that he currently possessed images. So could I ask you, it seems like your best theory for why this tip was false, was that the tipster had reason to get your client out of the apartment. So was essentially setting him up by planting the porn on the iPad, I think is the theory. He had the passwords. He wanted to get him out of the apartment. So he puts porn on the iPad and then lies about it having been your client's porn. If that's the theory, isn't there still child porn on the iPad? And can you explain why there wasn't probable cause to search the iPad? There wasn't probable cause to search the iPad because we have an undermined tipster whose story has not been corroborated and his credibility has not been bolstered in the four corners of the affidavit. But what is your theory about like what the truth? I mean, you have these reasons to not believe him, but what would actually be happening on that theory? I'm sorry. Like, what do you think should be assumed if we don't trust the tipster? Do we believe the tipster did the child porn? Based on the four corners of the affidavit, there is not enough to assume that he currently possessed images. The assumption that information was planted based on these omissions that he wanted him evicted, that he had previously tried to kill Mr. Wright on an occasion that he wanted to see him arrested, that is a reasonable inference this court could draw as part of its probable cause analysis. The issue with probable cause is that the court cannot rely on a tipster that is not corroborated or credible, in which their credibility, his credibility has not been bolstered. Because we cannot rely on the tipster's information, we're left with these three other facts. If the if the tipster was setting up your client by putting the child porn on the the iPad, because now we can figure out, I guess now we're searching for the tipster inquiry. If you know there's child porn on an iPad, can you search it regardless of who put it there, I guess is my question. No, Your Honor, because there is still the privacy of Mr. Wright is protected, the they would need probable cause that there were images on the devices. There is just not enough to corroborate the story that there was, because this credibility of the tipster is undermined. But why, how would the tipster have succeeded in setting up your client if there wasn't actually going to be child porn on the iPad when the officers looked at it? Whether or not he was successful is is is not the issue here. I think Your Honor is going to what what could the officers have done in this instance to establish probable cause, there needed to be an investigation done into the tipster, there needed to be more information provided in the affidavit as to this individual's credibility, something to bolster that information, or independent evidence that goes to current possession on the devices, which there wasn't. And so here, this is not similar to United States versus Reeves, Reeves, excuse me, for example, where the affidavit includes information that the informant had previously provided accurate information that led to other successful investigations, search warrants, arrests, and convictions here that's not in the four corners of the affidavit. And what's important is that we need to ensure the reliability of the information when it's coming from a source that we know is a known liar here, like the tipster. I'm just struggling with the idea that even if he's lying, the way in which he's lying is by having put child porn on the iPad, I think. Is there another theory about what he's doing? The other theories as to what the individual is doing is not the issue here for the probable cause analysis. The issue is that this individual cannot be relied upon for the probable cause analysis because we don't have enough in the four corners of the affidavit. When we look at that, this court's case law states that his prior for dishonesty is fatal to his reliability. So regardless of his motives, although that is a reasonable inference that he was trying to set up, Mr. Wright, that's not what's really at issue here for the probable cause analysis. What is at issue is that his story cannot be relied upon. Do we have a case that says that the crime of dishonesty makes him not able to be a witness at all or just that it needs to be corroborated? Once an individual is called into question based on this prior crime of dishonesty, there needs to be either corroborating independent evidence or something that bolsters the tipster's credibility. That is what this court said in United States v. Reeves and also in United States v. Hall. This case is very similar to United States v. Hall, where the individual that provided the tip, the only thing the court had to rely on was the tipster's story. There was no other evidence that supported the testimony from the tipster. So if that is the case, the court affirmed the suppression ruling because there was not probable cause to support the search warrant. Do you want to save the rest of your time for rebuttal? Yes, Your Honor. Thank you. Thank you. We'll hear from the government now. Good morning, Your Honors. Can you hear me? Good morning. Ellie Rohani representing the government. Judge Freeland, I think I want to start with your question, and I think it really gets to the heart of this. I understand that Ms. Torrey doesn't believe that this is the issue, but I think it is, is that there's really only two conclusions that the defense can sort of proffer in terms of their argument, which is either that the informant planted the evidence on the computer, in which case there would be probable cause because the analysis is, is there a reason to believe, a reasonable probability that the place to be searched will contain evidence of a crime? So if that's the theory that's put forward, there's probable cause. But the other theory, which is that there's nothing there, doesn't really make any sense. It's a half-baked plan at best, and it doesn't achieve the goal that the informant would be trying to achieve, which is to get Mr. Wright out of his house. Getting him arrested wouldn't necessarily do that, and he would have to be sent to prison for some type of crime, I would assume. And so I think at the beginning, I think you've hit it on the head, is that the argument sort of falls apart when you logically play it out to the end. I wonder, though, whether he could be arrested and then the other guy changes the locks, the informant changes the locks during the arrest or something. I mean, it seems possible that arresting is enough, and so maybe there is a way that this holds up. Sure, sure. So then I think that that goes to the second argument that Ms. Wright's informant had been convicted of a crime of dishonesty in the past, that that is somehow eternally fatal to him ever being used as a witness, is I just don't think born out by the facts of this case. She notes that there has to be something that bolsters his reliability. That's exactly what the district court recognized. He knew the correct passwords to Mr. Wright's devices. He knew that there was he gave very detailed descriptions of child pornography, that a person who is otherwise not viewing child pornography really wouldn't know. And then third, he made a statement against his interest, which is I am illegally letting this guy stay here and I'm taking money from him. So that's against his civil and criminal interests. So I do think that there is some evidence in the record that would support that in terms of bolstering the reliability. And I think that that goes, Judge Corman, to your third point, which is and again, I think in terms of you can only look at the four corners of the affidavit, I think that's inconsistent with what the law requires. This court is supposed to look at the totality of the circumstances and judges are allowed to make reasonable inferences. We're only limited to the four corners of the affidavit and every possible conclusion has to be included in there. That obviates the law regarding reasonable inferences. And if you do make reasonable inferences from the evidence that you have there, Judge Corman, there's other things that connect the original possession to the current time. We pointed it out in our brief. The fact that behavioral characteristics, especially in these types of offenders, are static. It's like an addiction. Get it on the head, Judge Corman. The computer evidence can be maintained for an extended period of time. That is also in the search warrant. The offender typology is very consistent over time. And then I think also I understand that if you are a child molester, there's no evidence that you might possess child pornography. But I think it ignores the facts in this case, which is that Mr. Wright had been previously convicted of possessing child pornography. He was a suspect in the rape of a four year old child. He agreed to appear for a polygraph. And that exact same day that he was supposed to appear, he moves without telling anybody. He doesn't show up to his polygraph and he falls out of an otherwise compliant sex offender registration status. All of that certainly suggests that he has something to hide. And I think when you look at everything together and you give some level of a deference to the district court's credibility assessment of the informant's tip, I think that there is probable cause to support the search warrant. Well, we can't give deference to the assessment of the tip when they didn't know the reasons to not credit the tip. Right. I wouldn't I don't understand how we would give deference to the idea that the tipster is credible. And and Your Honor, I think that my argument is that Judge Dew looked at everything. She held an evidentiary hearing on this. She heard Detective Thompson's testimony and she made an assessment of some level of credibility. Essentially, she said that the the credibility of the informant is undermined, but it's not completely obviated. And she focused on the fact that there's other things that do bolster that credibility. So whether you want to look at it as giving deference or you want to conduct that analysis yourself, I don't think that Miss Torrey is on firm footing when she says that this court should completely disregard everything that the tipster said in the sense that you would have to also ignore the fact that he knew the passwords, that he had very detailed descriptions of what was going on and that he gave a statement that could result in serious fines as well as him being put in prison for that. And so I think based on those things, even with his past, even with the omissions, I think that those statements at least have some measure of reliability. And Your Honors, I'm happy to go to the other issues, but if you have any additional questions, but otherwise I'm happy to submit on the briefs. I don't see any other questions. Thank you, Your Honors. OK, well. Have some rebuttal. You got it. Thank you, Your Honors. A few points in response, the. Court here is required to review this issue to look at this anew. This court is in the analysis under probable cause, also meant to look at reasonable inferences. This also includes inferences the district court failed to consider. But the court is limited to the information and circumstances we're exercising. They know the review. What do we have to worry about the district court at all other than we have to decide whether to affirm or reverse? I mean, the issue is whether there was if this information had been excluded, included. There was sufficient established probable cause and assuming we were as capable of making that legal determination as the district court, there's no reason for deference. So, I mean, I don't. We could make that determination. Your Honor is correct. This court should make this determination under de novo review, as you've stated there  corroborating the tipster story or information that bolsters his credibility. That is why there is in there is not probable cause based on this affidavit for search warrant. And to address a couple of other things that the government has brought up, the fact that a person is making broadly self-inculpatory confessions does not make the confessions non-self-inculpatory parts more credible. That comes directly from this court in the United States versus Hall. And based on the lack of information in this affidavit that goes to current possession, there is no substantial basis for probable cause. And we ask this court to vacate the order, suppress the evidence on the tablet and remand for further proceedings. Thank you, Your Honors. Okay. Thank you, counsel. We appreciate your arguments this morning. The matter is submitted.
judges: PAEZ, FRIEDLAND, Korman